**JENNIFER L. COON**
California State Bar No. 203913
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
E-Mail: jennifer_coon@fd.org

Attorneys for Mr. Elfego Arce-Martinez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE DANA M. SABRAW)

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 07CR3207-DMS |
| Plaintiff, | DATE: January 11, 2008 |
| | TIME: 11:00 a.m. |
| v. | |
| **ELFEGO ARCE-MARTINEZ,** | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS |
| Defendant. | |

## I.

## BACKGROUND

Mr. Arce-Martinez was arrested on November 2, 2007. The government alleges that, on that date, Mr. Arce-Martinez was found hiding in the brush in an area located north of the border and seven miles east of the Tecate, California port of entry.    On November 28, 2007, the government filed an indictment charging Mr. Arce-Martinez with one count of violating 8 U.S.C. § 1326(a) and (b) (illegal alien found in the United States after deportation). The indictment was returned by the January 2007 grand jury.

These motions follow.

## II.

## MOTION TO COMPEL DISCOVERY

Mr. Arce-Martinez moves for the production of the following discovery. This request includes discovery of which the government attorney knows, and discovery of which the government attorney may

become aware through the exercise of due diligence. See FED. R. CRIM. P. 16. It also includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

Mr. Arce-Martinez has received only 38 pages of discovery and a DVD in this case. Mr. Arce-Martinez has reason to believe that he has not yet received all the discoverable material in his case. For example, discovery in a § 1326 case usually includes more documents relating to the defendant's interrogation by border patrol agents, such as the written advisement of administrative rights, and written advisement of Miranda rights in the Spanish language, which have not been received in this case. Mr. Arce-Martinez also specifically requests copies of the **audiotapes of his removal hearing(s)** as well as **all documents memorializing any removal proceedings** and any other proceedings that the government intends to rely upon at trial.

He has also not received a **full copy of his A-file**. Mr. Arce-Martinez thus requests the opportunity to examine his A-file in its entirety.      First, the A-file will have documentation concerning prior deportation(s). Part of Mr. Arce-Martinez's defense in this case may be that his underlying deportation was invalid. The documents in the A-file would help illuminate the validity or futility of such a defense. For example, A-file documents typically contain biographical information. Such information is essential to determining whether Mr. Arce-Martinez's deportation is invalid.

Second, the government will likely try to show, at trial, that a government officer searched the A-file and did not find an application by Mr. Arce-Martinez for permission to enter the United States. Mr. Arce-Martinez anticipates that the government will attempt to admit a "Certificate of Non-Existence" against him, arguing that if Mr. Arce-Martinez had ever applied for permission to enter the United States, such an application would be found in the A-file, and because such an application is not in the A-file, Mr. Arce-Martinez must not have applied for permission to enter the united States. Should such a certificate be admitted, the question of how thorough the search of the A-file was is and should be open to cross-examination. United States v. Sager, 227 F.3d 1138, 1145 (2000) (error not to allow jury to "grade the investigation."). Mr. Arce-Martinez should be able to search his A-file to see whether any application for lawful admission exists. Moreover, Mr. Arce-Martinez should also be able to verify whether other documents that would ordinarily be in the A-file are "non-existent," or otherwise missing from his A-file. Mr. Arce-

Martinez may assert a defense that his application for lawful entry was lost or otherwise misplaced by the government. He must be allowed the opportunity to review his A-file and the manner in which it is being maintained by the government in order to present this defense.

In addition, Mr. Arce-Martinez moves for the production of the following discovery:

1. **The Defendant's Statements**. The government must disclose to Mr. Arce-Martinez all copies of any written or recorded statements made by Mr. Arce-Martinez; the substance of any statements made by Mr. Arce-Martinez that the government intends to offer in evidence at trial; any response by Mr. Arce-Martinez to interrogation; the substance of any oral statements which the government intends to introduce at trial and any written summaries of Mr. Arce-Martinez's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings that may have been given to Mr. Arce-Martinez; as well as any other statements attributed to Mr. Arce-Martinez. FED. R. CRIM. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the government must reveal all Mr. Arce-Martinez's statements, whether oral or written, regardless of whether the government intends to make use of those statements. **Mr. Arce-Martinez specifically requests all audio and videotaped copies of his statements and any rough notes taken pertaining to the substance of his statements.**

2. **Arrest Reports, Notes and Tapes**. Mr. Arce-Martinez also specifically requests that the government turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning, in their entirety. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Arce-Martinez or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and Brady v. Maryland, 373 U.S. 83 (1963). See also Loux v. United States, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Arce-Martinez are available under Fed. R. Crim. P. 16(a)(1)(A) and (B), 26.2, and 12(I). Preservation of rough notes is requested, whether or not the government deems them discoverable.

3. **Brady Material**. Mr. Arce-Martinez requests all documents, statements, agents' reports, and tangible evidence favorable to him on the issue of guilt and/or that affects the credibility of the government's

witnesses or the government's case. Impeachment and exculpatory evidence both fall within <u>Brady</u>'s definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

4. **Any Information That May Result in a Lower Sentence**. Notwithstanding the advisory nature of the Sentencing Guidelines, the government must produce this information under <u>Brady</u>, 373 U.S. 83, because it is exculpatory and/or mitigating evidence relevant to a possible future determination with respect to sentencing.

5. **The Defendant's Prior Record**. Evidence of a prior record is available under Federal Rule of Criminal Procedure 16(a)(1)(D). Mr. Arce-Martinez specifically requests a complete copy of any criminal record.

6. **Any Proposed 404(b) Evidence**. Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. Sufficient notice requires the government to "articulate <u>precisely</u> the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." <u>United States v. Mehrmanesh</u>, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); <u>see also</u> <u>United States v. Brooke</u>, 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming <u>Mehrmanesh</u> and reversing convictions).

This request includes any "TECS" records as well as any other records(s) of prior border crossings (voluntary entries) that the Government intends to introduce at trial, whether in its case-in-chief, as impeachment, or in its rebuttal case. Although there is nothing intrinsically improper about prior border crossings, (except, as here, where there are allegations of undocumented status), they are nonetheless subject to Rule 404(b), as they are "other acts" evidence that the government must produce before trial. <u>United States v. Vega</u>, 188 F.3d 1150, 1154-55 (9th Cir. 1999).

Mr. Arce-Martinez requests that such notice be given *three weeks before trial* to give the defense time to adequately investigate and prepare for trial.

7. **Evidence Seized**. Mr. Arce-Martinez requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(E).

8. **Request for Preservation of Evidence**. Mr. Arce-Martinez specifically requests the preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and that relate to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, the results of any fingerprint analysis, Mr. Arce-Martinez's personal effects, and any evidence seized from Mr. Arce-Martinez. This request also includes any material or percipient witnesses who might be deported or otherwise likely to become unavailable (*e.g.*, undocumented aliens and transients).

It is requested that the prosecutor be ordered to *question* all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

9. **Henthorn Material**. Mr. Arce-Martinez requests that the Assistant United States Attorney ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent involved in the present case for impeachment material. See Kyles v. Whitley, 514 U.S. 419, 437-38 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). This request includes, but is not limited to, any complaints filed (by a member of the public, by another agent, or any other person) against the agent, whether or not the investigating authority has taken any action, as well as any matter for which a disciplinary review was undertaken, whether or not any disciplinary action was ultimately recommended. Mr. Arce-Martinez further requests production of any such information at least *one week* prior to the motion hearing and *two weeks* prior to trial. If the prosecutor is uncertain whether certain information should be disclosed pursuant to this request, this information should be produced to the Court in advance of the motion hearing and the trial for an *in camera* inspection.

10. **Tangible Objects**. Mr. Arce-Martinez requests the opportunity to inspect, copy, and test, as necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, that are material to the defense, intended for use in the government's case-in-chief, or were obtained from or belong to Mr. Arce-Martinez. FED. R. CRIM. P. 16(a)(1)(E). Specifically, Mr. Arce-Martinez requests copies of the audiotapes of his alleged prior deportations or removals.

1    11. **Expert Witnesses**. Mr. Arce-Martinez requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. FED. R. CRIM. P. 16(a)(1)(G). This summary should include a description of the witness' opinion(s), as well as the basis and the reasons for the opinion(s). See United States v. Duvall, 272 F.3d 825 (7th Cir. 2001) (finding that government's written expert notice did not adequately summarize or describe police detective's testimony in drug prosecution where notice provided only a list of the general subject matters to be covered and failed to identify what opinion the expert would offer on those subjects). This request includes, but is not limited to, disclosure of the qualifications of any government witness who will testify that he understands and/or speaks Spanish or any other foreign language that may have been used during the course of an interview with Mr. Arce-Martinez or any other witness.

Mr. Arce-Martinez requests the notice of expert testimony be provided at a minimum of *three weeks prior to trial* so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions, credentials of the government's expert and obtain a hearing in advance of trial to determine the admissibility of qualifications of any expert. See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 119 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine, reliability and relevancy of expert testimony and such determination may require "special briefing or other proceedings")

12. **Impeachment Evidence**. Mr. Arce-Martinez requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to Mr. Heron-Salinas. See Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under Brady, 373 U.S. 83. See United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

13. **Evidence of Criminal Investigation of Any Government Witness**. Mr. Arce-Martinez requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir. 1985).

//
//

14. **Evidence of Bias or Motive to Lie**. Mr. Arce-Martinez requests any evidence that any prospective government witness is biased or prejudiced against Mr. Arce-Martinez, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); Strifler, 851 F.2d 1197.

15. **Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity**. Mr. Arce-Martinez requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. Strifler, 851 F.2d 1197; Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980).

16. **Witness Addresses**. Mr. Arce-Martinez requests the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). Mr. Arce-Martinez also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will *not* be called as a government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

17. **Names of Witnesses Favorable to the Defendant**. Mr. Arce-Martinez requests the name of any witness who made any arguably favorable statement concerning Mr. Arce-Martinez or who could not identify him or who was unsure of his identity or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis, 637 F.2d at 223; Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

18. **Statements Relevant to the Defense**. Mr. Arce-Martinez requests disclosure of any statements that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982). **This includes grand jury transcripts that are relevant to the defense motion to dismiss the indictment.**

19. **Jencks Act Material**. Mr. Arce-Martinez requests production in advance of the motion hearing or trial of all material, including dispatch tapes, that the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500 and Federal Rule of Criminal Procedure 26.2. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to

1  qualify as a statement under 3500(e)(1).  <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963); <u>see also</u>
2  <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991) (holding that interview notes constitute Jencks
3  material when an agent reviews notes with the subject of the interview); <u>see also</u> <u>United States v. Riley</u>,
4  189 F.3d 802, 806-08 (9th Cir. 1999).  Advance production will avoid the possibility of delay of the motion
5  hearing or trial to allow Mr. Arce-Martinez to investigate the Jencks material.  Mr. Heron-Salinas requests
6  pre-trial disclosure of such statements to avoid unnecessary recesses and delays and to allow defense counsel
7  to prepare for, and use properly, any Jencks statements during cross-examination.

8       20.  **Giglio Information**.  Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), Mr. Arce-
9  Martinez requests all statements and/or promises, expressed or implied, made to any witnesses, in exchange
10 for their testimony in this case, and all other information that could arguably be used for the impeachment
11 of any government witnesses.

12      21.  **Agreements Between the Government and Witnesses**.  Mr. Arce-Martinez requests
13 discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or
14 future compensation, or any other kind of agreement or understanding, including any implicit understanding
15 relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government
16 witness and the government (federal, state and/or local).  This request also includes any discussion with a
17 potential witness about or advice concerning any immigration benefits, any contemplated prosecution, or any
18 possible plea bargain, even if no bargain was made or the advice not followed.  This request specifically
19 includes any discussion with a potential witness regarding that witness' immigration status and/or any affect
20 that the witness' statements or lack thereof might have on that status, including the granting or revoking of
21 such immigration status or any other immigration status, including but not limited to citizenship, nationality,
22 a green card, border crossing card, parole letter, or permission to remain in the United States.

23      22.  **Informants and Cooperating Witnesses**.  Mr. Arce-Martinez requests disclosure of the
24 names and addresses of all informants or cooperating witnesses used or to be used in this case, and in
25 particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in
26 the crime charged against Mr. Arce-Martinez. The government must disclose the informant's identity and
27 location, as well as disclose the existence of any other percipient witness unknown or unknowable to the
28

defense. Roviaro v. United States, 353 U.S. 53, 61-62 (1957). The government must disclose any information derived from informants that exculpates or tends to exculpate Mr. Arce-Martinez.

23. **Bias by Informants or Cooperating Witnesses**. Mr. Arce-Martinez requests disclosure of any information indicating bias on the part of any informant or cooperating witness. Giglio, 405 U.S. 150. Such information would include what, if any, inducement, favors, payments, or threats were made to witness to secure cooperation with the authorities.

24. **Personnel Records of Government Officers Involved in the Arrest**. Mr. Arce-Martinez requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of Mr. Arce-Martinez. See Pitchess v. Superior Court, 11 Cal.3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will be unable to procure them from any other source.

25. **Reports of Scientific Tests or Examinations**. Pursuant to Fed. R. Crim. P. 16(a)(1)(F), Mr. Heron-Salinas requests the reports of all tests and examinations conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

26. **Residual Request**. Mr. Arce-Martinez intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Federal Rule of Criminal Procedure 16.

Mr. Arce-Martinez requests that the government provide him and his attorney with the above requested material sufficiently in advance of trial.

### III.

### THE INDICTMENT SHOULD BE DISMISSED BECAUSE IT FAILS TO ALLEGE ESSENTIAL ELEMENTS OF THE OFFENSE

The indictment must be dismissed because the government has failed to properly allege all elements of the offense. "Two corollary purposes of an indictment are to ensure that the defendant is being prosecuted

on the basis of facts presented to the grand jury and to allow the court to determine the sufficiency of the indictment." United States v. Lane, 765 F.2d 1376, 1380 (9th Cir. 1985).  "To serve each of these functions, the indictment must allege the elements of the offense charged and the facts which inform the defendant of the specific offense with which he is charged." United States v. Pernillo-Fuentes, 252 F.3d 1030, 1032 (9th Cir. 2001) (quoting Lane, 765 F.2d at 1380).  Accordingly, "[a]n indictment's failure to recite an essential element of the charged offense is not a minor or technical flaw . . . but a fatal flaw." United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999).

      Here, the indictment charges Mr. Arce-Martinez with being a previously-deported alien found in the United States in violation of 8 U.S.C. § 1326.  The indictment, however, fails to allege elements necessary to convict Mr. Arce-Martinez of that offense: that Mr. Arce-Martinez knew he was in the United States, that he failed to undergo inspection and admission by an immigration officer at the nearest inspection point, and that he entered the United States voluntarily and free from official restraint.  See, e.g., Nyrienda v. INS, 279 F.3d 620, 623 (8th Cir. 2002) (setting forth the components of an entry under the immigration law); United States v. Cruz-Escoto, 476 F.3d 1081, 1085 (9th Cir. 2007) (physical presence is not sufficient to sustain conviction for "found-in" § 1326 offense; government must also prove that the defendant entered the United States free from official restraint); United States v. Ayala, 35 F.3d 423, 426 (9th Cir. 1994) (although found-in offense does not require specific intent, it does require that defendant "entered the United States voluntarily"); United States v. Cupa-Guillen, 34 F.3d 860, 863 (9th Cir. 1994) (found-in offense requires general intent to re-enter).  Accordingly, the indictment must be dismissed.  However, because the Ninth Circuit has decided many of these issues against Mr. Arce-Martinez, see, e.g., United States v. Rivera-Sillas, 376 F.3d 887 (9th Cir. 2004), they are raised only briefly here for purposes of further appellate review.

      Additionally, the indictment must be dismissed because it fails to allege both the dates of a previous felony conviction and of a previous removal from the United States subsequent to that conviction.  The statutory maximum for violation of 8 U.S.C. § 1326(a) is two years of imprisonment.  Pursuant to 8 U.S.C. § 1326(b), however, a higher statutory maximum may apply if the alien was removed subsequent to certain predicate crimes.  In United States v. Salazar-Lopez, 506 F.3d 748, 751-52 (9th Cir. 2007), the Ninth Circuit held that an allegation in the indictment that the defendant "had been removed on a specific, post-conviction date" is "required" in order to trigger the enhanced penalties under 8 U.S.C. § 1326(b).  Here, although the

indictment alleges a violation of 8 U.S.C. § 1326(b), it fails to allege either a specific removal date or the temporal relationship between that removal and a prior conviction. Rather, the indictment merely alleges that Mr. Arce-Martinez was removed from the United States subsequent to one unassociated date, January 9, 1991. Because the indictment fails to allege all of the necessary elements of the offense, it must be dismissed.

### IV.

### THE INDICTMENT SHOULD BE DISMISSED BECAUSE THE CHARGING STATUTE IS UNCONSTITUTIONAL

The Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), renders 8 U.S.C. § 1326 unconstitutional. Although this argument is foreclosed by current Ninth Circuit precedent, see United States v. Covian-Sandoval, 462 F.2d 1090, 1096-97 (9th Cir. 2006), it is presented for purposes of further appellate review.

In Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court held that in a § 1326 prosecution, the fact of a prior conviction need not be alleged in the indictment to increase a defendant's maximum sentence. Subsequently, however, in Apprendi, the Supreme Court held that any fact that increases the statutory maximum sentence must be pled in the indictment, submitted to a jury, and proved beyond a reasonable doubt. See 530 U.S. at 476. Section 1326 sets forth a scheme in which certain facts – prior convictions – may drastically increase the applicable statutory maximum without being set forth in the indictment or proven at trial. According to the explicit mandate of Apprendi, this violates the Fifth and Sixth Amendments. To the extent that Almendarez-Torres holds that section 1326(b) was intended by Congress to create sentencing enhancements for a judge to determine rather than elements of separate offenses, section 1326 is unconstitutional under Apprendi.

### V.

### MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

Defense counsel requests leave to file further motions and notices of defense based upon information gained in the discovery process. To date, counsel has received just 38 pages of discovery from the government in this matter as well as one DVD of interrogation of Mr. Arce-Martinez. The interrogation occurred in the Spanish language, which requires defense counsel to have a Federal Defenders interpreter review the recording and prepare a transcript. In addition, counsel has not received discoverable materials

1 related to that interrogation which are ordinarily produced in § 1326 cases, such as the written advisement
2 of administrative rights, and written advisement of Miranda rights in the Spanish language. Finally, counsel
3 has not yet received Mr. Arce-Martinez's A-file or copies of the audiotapes of his removal hearing(s).
4 Defense counsel intends to file, at the least, motions to suppress any statements by Mr. Arce-Martinez and
5 to dismiss due to an invalid deportation, upon receipt and completion of review of such outstanding discovery
6 materials.

## VI.

## CONCLUSION

For the foregoing reasons, Mr. Arce-Martinez respectfully requests that the Court grant the above motions.

Respectfully submitted,

DATED:     December 28, 2007            /s/ *Jennifer L. Coon*
                                        **JENNIFER L. COON**
                                        Federal Defenders of San Diego, Inc.
                                        Attorneys for Mr. Arce-Martinez

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy Court

Nicole A Jones, Nicole.Jones@usdoj.gov via ECF

Dated: December 28, 2007                                    /s/ Jennifer L. Coon
                                                            JENNIFER L. COON
                                                            Federal Defenders of San Diego, Inc.
                                                            225 Broadway, Suite 900
                                                            San Diego, CA 92101-5030
                                                            (619) 234-8467 (tel)
                                                            (619) 687-2666 (fax)
                                                            e-mail: Jennifer_Coon@fd.org